STANDARD FASHION COMPANY of New York, Appellant, *v.* MARY S. OSTROM, Respondent.

*Contract for the exclusive sale of patterns on a commission — when not indefinite — damages recoverable for a refusal to perform before the time of performance — the consideration for such a contract.*

An agreement made between a fashion company and its agent stated that it was mutually agreed between the parties that the fashion company granted to the agent the exclusive agency for the sale of its patterns for a certain locality for two years, and until terminated as provided in the agreement, and agreed to consign to the agent "such a sufficient stock of patterns as might be mutually agreed upon, not to exceed $1,000, at retail prices, including a sufficient quantity of new monthly patterns."

*Held*, that the contract was not void for indefiniteness as to the quantity of patterns to be consigned;

That the agent was entitled to receive from the fashion company, within the limit of $1,000, at retail prices, such a quantity of patterns as would be fairly and reasonably sufficient for the needs of her business.

The complaint, in an action for damages brought by the fashion company upon a contract, alleged, among other things, that, long before the time fixed for the first delivery of patterns, the agent absolutely refused to carry out the agreement at all, or to receive any patterns whatever.

*Held*, that there was a clear violation of the contract which entitled the fashion company to damages.

A grant to another of the exclusive agency for the sale of patterns, upon certain commissions, in a particular locality, for a definite time, constitutes a sufficient consideration for a promise by the agent to receive of the fashion company a consignment of its patterns, to sell the same, and to pay for them.

APPEAL by the plaintiff, the Standard Fashion Company of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of February, 1897, upon the dismissal of its complaint directed by the court after a trial at a Trial Term of the

Supreme Court held in and for the county of New York, on the
ground that it did not state facts sufficient to constitute a cause of
action.

*Charles D. Ridgway*, for the appellant.

*I. S. Catlin*, for the respondent.

WILLIAMS, J.:

The agreement upon which the action was brought was made
March 14, 1894, and provided that it was *mutually agreed* between
the parties in substance : *First*, that the plaintiff granted to the
defendant the exclusive agency for the sales of its patterns for a cer-
tain locality for two years, and until terminated as provided in the
agreement, and agreed to consign *such a sufficient stock of patterns
as might be mutually agreed upon, not to exceed* $1,000 *at retail
prices, including a sufficient quantity of new monthly* patterns, and
to allow the defendant fifty per cent commission on sales, etc.

*Second.* That the defendant would purchase for gratuitous distri-
bution fashion sheets and handy catalogues published by plaintiff to
the amount of $105 per annum, at $10 per 1,000 for such sheets
and $25 per 1,000 for such catalogues, and to pay freight, expenses
or postage on all goods, publications and patterns, keep pattern
stock in good order and give due attention to sales, pay for pur-
chases and pattern sales, less commission, each month under inven-
tories of patterns on hand, once a year, not assign agency or change
location except on written consent of plaintiff, not sell or deal in other
patterns, or purchase from other parties than plaintiff, nor sell at
other prices than those fixed by plaintiff, and permit plaintiff to
take account of stock when desired. And in case of breach of con-
tract by defendant while contract was in force, it was mutually
agreed the defendant should pay plaintiff as liquidated damages
$105, provided ten days' written warning was previously given by
plaintiff and defendant had not in the meantime complied with the
contract, and in such case defendant should promptly pay the liqui-
dated damages, surrender agency and return to plaintiff the patterns
on hand, etc.

*Third.* That agency might be closed after two years from date,
by one month's notice in writing by either party, etc., and the stock

of patterns should be delivered to defendant on or before January 15, 1894.

The complaint alleged that the plaintiff had fully performed all the conditions of the contract on its part, but that the defendant about May 8, 1894, refused to perform the contract, and ever since had so refused, and had refused to accept patterns from plaintiff agreed to be consigned to her by plaintiff, and that she had refused to pay the $105, liquidated damages, although the ten days' warning had been given by plaintiff to defendant, and thereupon judgment was demanded for the $105, liquidated damages, with interest and costs.

The court in dismissing the complaint held that the contract was invalid for indefiniteness as to the quantity of patterns to be consigned under the first clause, and that the second clause was unilateral and there was no consideration on the part of the plaintiff therefor.

We cannot assent to the correctness of either of these conclusions. The fair construction of the first clause is that the quantity of patterns within the limit stated of $1,000, at retail prices to be consigned, was to be such as should be fairly and reasonably sufficient for the needs of the business — such as the defendant should be able to sell. *Some* quantity should be consigned in any event, and the quantity necessary within the contract, should be mutually agreed upon as the business progressed. The plaintiff could not refuse to consign *any* patterns, nor could the defendant refuse to receive any or require the plaintiff to consign more than should be fairly and reasonably necessary. The parties could neither of them refuse unreasonably to come to an agreement as to what quantity was necessary. They were under obligation to act and make an effort in good faith to arrive at such a mutual agreement.

We think the contract was not invalid for uncertainty; and the complaint alleged that long before the time fixed for the first delivery of patterns the defendant absolutely refused to carry out the agreement at all or to receive any patterns at all. This was a clear violation of the contract which entitled the plaintiff to maintain the action for damages and to recover the same from the defendant.

Neither was the second clause unilateral and without consideration. The plaintiff granted the defendant the *exclusive* agency

for the location and during the time provided in the contract. It precluded itself from making any other provision for the sale of the patterns in the locality during the time specified, and, in consideration of the agreement on the plaintiff's part, the defendant agreed to receive a consignment of the patterns, to sell the same and to pay for them, she herself to have for her services fifty per cent commission of the sales.

The contract was expressly provided to be *mutual*, and the agreement on the part of one party was a sufficient consideration for the agreement on the part of the other.

We think the complaint was improperly dismissed and that the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

PARKER, J., concurred; VAN BRUNT, P. J., and RUMSEY and PATTERSON, JJ., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.