MEADE v. POPPENBERG.   (No. 167/101.)

(Supreme Court, Appellate Division, Fourth Department.   April 28, 1915.)

1. CONTRACTS ⚖⟶10—"CONSIDERATION"—FORBEARANCE.
   Since "consideration" may consist in a forbearance or a detriment as well as a benefit, a contract for the purchase of automobiles, providing that the seller should refrain from selling cars within a specified territory, was not unilateral.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. ⚖⟶10.
   For other definitions, see Words and Phrases, First and Second Series, Consideration.]

2. SALES ⚖⟶85—CONSTRUCTION—CONDITIONS.
   A clause in a contract for the purchase of automobiles, whereby the seller should be relieved from obligation in case he was "unable to make deliveries," covers merely those causes where, by the act of God or otherwise, delivery was put beyond the seller's power, and not to authorize an arbitrary refusal to deliver.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 236–238; Dec. Dig. ⚖⟶85.]

Appeal from Trial Term, Orleans County.

Action by Fred S. Meade against Albert Poppenberg. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

---

⚖⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles G. Signor, of Albion (Signor & Signor, of Albion, of counsel), for appellant.

L. M. Sherwood, of Medina (Sherwood & Cooper, of Medina, of counsel), for respondent.

MERRELL, J. This action is to recover the sum of $400, with interest, being balance of moneys deposited by the plaintiff with the defendant to apply on the purchase price of ten Studebaker E–M–F automobiles, which the plaintiff contracted to purchase of the said defendant. The contract in question was in writing and was made and entered into by the parties on or about July 15, 1909. By the terms of the contract the defendant agreed to sell and deliver to the plaintiff during the season ending September 1, 1910, ten Studebaker E–M–F cars at 15 per cent. discount from the list price in catalogue, delivery of said cars to be f. o. b. factory. The plaintiff agreed to purchase said ten cars of the defendant and to pay for the same in cash at the prices specified, by making a $50 cash deposit on each of said ten automobiles at the time of the execution of the contract, and the balance upon presentation of draft with bill of lading attached. In consideration of such purchase, the defendant granted the plaintiff the exclusive right to sell said make of car in a specified territory of Niagara county, with the exception of the cities of Tonawanda and Niagara Falls, and the west half of Orleans county, including Albion, to the extent that the defendant would not knowingly make any sales of said cars in said territory during the life of said contract. By a further provision of the contract it was agreed that if by reason of fires, strikes, or any other cause, the defendant should be unable to make deliveries as per specifications, said defendant should return to plaintiff his said deposit and should not be held responsible for any commissions or damages whatsoever. By said contract plaintiff agreed to vigorously and aggressively prosecute the sale of said cars within the territory mentioned, and was to file specifications for any cars ordered under said contract at least 30 days previous to the date of delivery. It was further mutually agreed between the parties to said contract that any additional automobiles ordered by plaintiff from defendant and duly accepted by defendant during the season ending September 1, 1910, were to be delivered upon the same terms and conditions. It was further expressly agreed by and between the parties to the contract that if, during the life of said contract, orders for automobiles, accompanied by deposits, should be sent in and accepted by defendant, such acceptance was upon the express understanding that prices and discounts would be subject to change before shipment, in which event, however, the plaintiff was to be notified, and should, at his option, have the right to cancel such orders and demand and receive back from defendant such deposits as he may have previously made thereon. Subsequently to the execution of the contract, the plaintiff ordered and received from the defendant two of the ten cars upon each of which a deposit of $50 had been made. It does not appear that the plaintiff ever ordered any other cars under said contract.

[1] It is the contention of the plaintiff, and upon which he bases his

claim against the defendant, that said contract was unilateral, and therefore unenforceable. The issues were presented to the learned trial court upon the pleadings, the parties having waived a jury, and no testimony was presented upon the trial. The learned trial court held that the contract was without consideration and unilateral so far as the defendant was concerned, and findings of fact and conclusions of law were made whereby judgment was directed in favor of the plaintiff and against the defendant for the sum of $400, with interest and costs.

[2] I am unable to agree with the contention of the plaintiff that the contract between the parties, so far at least as to the ten automobiles upon which deposits were made, was unilateral. So far as those ten cars are concerned, the contract was clearly a valid one and enforceable. The clause in the contract relieving the defendant from delivery by reason of fires, strikes, or any other cause, rendering delivery impossible in accordance with the specifications, did not, it seems to me, affect the contract. By said clause it was only agreed that defendant should be relieved in case he was "unable to make deliveries." This did not mean that he could arbitrarily refuse to deliver, but clearly intended to cover only those causes where by act of God or otherwise delivery was put beyond his power. No such inability on his part appears in this case.

The plaintiff relies largely upon a later provision of the contract above referred to, whereby the parties provided for the delivery of additional automobiles to the ten first mentioned in the contract. And the clause providing that if, during the term of the contract, orders for automobiles, accompanied by deposits, are sent in and accepted by the party of the first part, that such cars are accepted subject to any change as to prices and discounts made before shipment, clearly refers, not to the ten cars first mentioned in the contract, but to the additional cars beyond those for which the deposit was made at the time of the execution of the contract. So far as the recovery by plaintiff of the moneys deposited are concerned, this later provision of the contract could have no bearing. The contract was a divisible one and was, so far as the ten cars were concerned, founded upon a good and sufficient consideration. The exclusive right to sell those cars within the territory mentioned and defendant's agreement to refrain from selling said cars within said territory during the term of the contract of itself afforded a good consideration. The law is elementary that consideration in a contract may consist as well from a forbearance by or detriment to a contracting party as a benefit accruing to the party with whom the contract is made. Standard Fashion Company v. Ostrom, 16 App. Div. 220, 44 N. Y. Supp. 666; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693.

That the clause in the contract providing for the ordering of automobiles and acceptance of such orders with the express understanding that the prices and discounts are subject to change before shipment clearly refers to additional cars, as such orders are to be accompanied by deposits. The deposits had already been made for the ten cars, and it is to recover the balance of such deposits that this action is

brought. Even if said clause could be said to refer to the ten automobiles purchased, and for which deposit was made upon the execution of the contract, it does not appear that any orders for automobiles were refused by the defendant, nor that there was any change in prices or discounts, nor that any cause existed permitting the plaintiff to cancel such orders or to demand and receive back from the defendant any deposits previously made thereon.

I am therefore of the opinion that the learned trial court was in error in directing judgment for the plaintiff to recover the deposit of $50 each for the remaining eight cars covered by the contract. As to such cars it does not appear but that the defendant was ready at all times to deliver said cars when called upon so to do by the plaintiff. The contract was a valid one and legally enforceable, and no reason appears why the plaintiff should recover back the deposit made thereon.

· The judgment appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs to the appellant in this court and the trial court. The fourth and sixth findings of fact are disapproved. All of the conclusions of law are disapproved, and in lieu thereof a conclusion is inserted in the decision that the complaint should be dismissed, with costs. All concur.