WILLIAM H. WOOD, Appellant, *v.* THE GLENS FALLS AUTOMOBILE COMPANY, Respondent.

Third Department, November 15, 1916.

Pleading — action to recover deposit made as condition of contract — counterclaim — evidence — contract not unilateral.

A complaint alleged that the defendant on a certain date received from the plaintiff the sum of $160; that this sum was paid to the defendant "as a deposit on account of the purchase price of goods and merchandise which might thereafter and within a period of one year be purchased by plaintiff from defendant, and as security for the payment of any indebtedness which might from time to time within a period of one

year be or become due to defendant from plaintiff." The defendant affirmatively admitted having the money, and that it was paid to him as alleged. The complaint further alleged that the plaintiff had paid the defendant in excess of the sum mentioned in full for all goods and merchandise purchased and for indebtedness due. The answer denied this allegation, and that the sum of $160 was due and payable to the plaintiff. The defendant also pleaded as a counterclaim an agreement with the plaintiff to purchase automobiles at a special price on condition that the plaintiff subsequently take a certain number of machines and deposit $160 to be retained by the defendant in case the plaintiff did not comply with the agreement. The counterclaim further alleged that the automobiles delivered were sold at less than the usual market price, that the plaintiff refused to accept the additional cars, and that thereby the defendant was deprived of a certain profit, and should have judgment for said amount, and be permitted to retain the deposit. Upon the trial the plaintiff introduced the contract in evidence, which did not contain any promise on the part of the defendant to furnish the automobiles, but specially provided that "the dealer shall not be liable for any failure of performance on his part when said failure of performance shall be due to fire, strikes, accidents, or any other cause whatsoever."

*Held,* that the demand that the sum of $160 be retained by the defendant did not constitute a counterclaim to the plaintiff's cause of action; that, since the defendant abandoned its claim for damages, the alleged counterclaim ceased to have any effect and the only issue presented was the question as to whether the plaintiff had paid for the goods and merchandise which he had purchased from the defendant within one year, and that the evidence conclusively established that the plaintiff had paid for such goods and was entitled to the return of his deposit; that the submission to the jury of the interpretation to be placed upon the contract in evidence was erroneous.

The contract between the parties for the purchase of automobiles was not unilateral. (Per KELLOGG, P. J., and LYON and COCHRANE, JJ.)

COCHRANE, J., dissented, with opinion, except as to the nature of the contract.

APPEAL by the plaintiff, William H. Wood, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 26th day of February, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of March, 1915, denying plaintiff's motion for a new trial made upon the minutes.

*Robert Frazier,* for the appellant.

*J. Edward Singleton,* for the respondent.

WOODWARD, J.:

The complaint in this action alleges that the defendant is a domestic corporation, and that on the 20th day of September, 1912, the defendant received from the plaintiff the sum of $160; that this sum was paid to the defendant "as a deposit on account of the purchase price of the goods and merchandise which might thereafter and within a period of one year be purchased by plaintiff from defendant, and as security for the payment of any indebtedness which might from time to time within a period of one year be or become due to defendant from plaintiff." The answer of the defendant not only does not deny the facts as alleged by the plaintiff in respect to the receipt of the $160, and the purpose for which it was received, but affirmatively admits having the money, and that it "was paid to defendant as a deposit on account of the purchase price of goods and merchandise which might thereafter and within a period of one year be purchased by plaintiff from defendant, and as security for the payment of any indebtedness which might from time to time within a period of one year be or become due to defendant from plaintiff."

The complaint alleged that in addition and in excess of the sum of $160, so received by the defendant from the plaintiff as aforesaid, plaintiff has paid defendant in full for all goods and merchandise which have been purchased by plaintiff from defendant, and plaintiff has paid defendant in full for all indebtedness which became due defendant from plaintiff. The answer denied this allegation, and denied that the sum of $160 was due and payable to the plaintiff, this latter being obviously a question of law rather than of fact. The only issue presented by this pleading, so far set forth, was of course the question of whether the plaintiff had paid for the goods and merchandise which he had "thereafter and within a period of one year" from the 20th day of September, 1912, purchased from the defendant, and upon this point it is not contended that there was any question submitted to the jury; the question finally submitted was whether the plaintiff was entitled to have his deposit returned. The evidence showed conclusively that the plaintiff had paid for all the goods and merchandise purchased by him subsequent to the making of the deposit of

$160, and the terms of the deposit having been fulfilled the plaintiff was clearly entitled to the return of his deposit under the issue tendered by the plaintiff and accepted by the defendant.

The confusion in this case arises from the fact that the defendant put in a counterclaim, alleging the making of an agreement with the plaintiff on the said 20th day of September, 1912, under which the plaintiff was to purchase from the defendant, and the defendant was to deliver to the plaintiff, sixteen automobiles; that three of these automobiles were delivered to the plaintiff; that these automobiles were delivered to the plaintiff at a special price, and that this special price was made upon the express agreement of the plaintiff to purchase thirteen additional automobiles, and upon the express agreement of the plaintiff to deposit $160 with the defendant which the defendant was to retain in case the plaintiff did not comply with the agreement above mentioned. The counterclaim further alleges that the three automobiles which were delivered were sold at $142.80 less than the usual market price, upon the express agreement that the $160 deposited with the defendant was to be retained by the defendant if said plaintiff did not accept and pay for the additional thirteen automobiles; that the plaintiff did not comply with the said agreement; that he refused to accept the additional cars; and that "the one hundred sixty dollars deposited by the plaintiff with the defendant was to be retained by the defendant in case the said plaintiff did not accept and pay for the thirteen additional automobiles." The counterclaim also makes an allegation that by reason of the failure of the plaintiff to take these additional automobiles it was deprived of a profit of $516, and demands judgment that it be permitted to retain the $160, and that it have judgment for the sum of $516 in addition thereto. This last demand was abandoned upon the trial.

Upon the trial of the action the plaintiff introduced in evidence the contract in writing entered into on the 20th day of September, 1912, and this contract, after providing for the establishing of an agency and the purchase of sixteen automobiles at certain rates of discount from manufacturers' prices, provides that "the sub-dealer [the plaintiff in this action] hereby

orders and agrees to take and pay for the sixteen automobiles at the times as indicated above, or as soon after as possible for the dealer to furnish the same," but nowhere do we find in the instrument any promise on the part of the dealer (the defendant) to furnish the automobiles, while on the contrary, it is specially provided that "the dealer shall not be liable for any failure of performance on his part when said failure of performance shall be due to fire, strikes, accidents, or any other cause whatsoever."

In this remarkably one-sided contract there is a paragraph, without following the form of agreement which is used in other paragraphs, which merely asserts that "The sub-dealer has deposited with the dealer the sum of $160 as a guarantee for the payment of his repair accounts accounted to avoid the necessity of C. O. D. shipments of such repair parts, which amount shall be maintained throughout the period of this contract, and said dealer agrees to account to the sub-dealer for such sum upon the expiration of this contract, provided the sub-dealer shall have taken the number of cars above provided, but not otherwise." The demand of the counterclaim is that the defendant be allowed to retain the $160 deposited with it, and for the sum of $516. Obviously the demand that the sum of $160 be permitted to remain with the defendant is in no sense a counterclaim to the plaintiff's cause of action; it is a mere negative of the plaintiff's claim, and the facts which it is claimed justified this retention should have been pleaded, if at all, as a defense, not as a counterclaim, and when the defendant upon the trial abandoned its claim for damages the counterclaim ceased to have any standing in the court, and the only issue presented was that contained in the complaint with the denials and admissions of the answer. Section 522 of the Code of Civil Procedure provides that "Each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true," and as there was no possible controversy over the material allegation of the complaint that the deposit was made for the purpose of guaranteeing the payment of merchandise thereafter to be purchased by the plaintiff, the only issue left was whether the

plaintiff had performed the condition precedent of paying for such merchandise as he had purchased subsequent to the contract, and there is no question that this was done. With this one fact disposed of the plaintiff was clearly entitled to recover the amount of his deposit, and the submission to the jury of the interpretation to be placed upon the written contract in evidence was erroneous. The construction of a written contract, plain and unambiguous in its language, is a question of law for the court, and it was error for the court, over the objection of the plaintiff, to permit the defendant to introduce evidence tending to show that the deposit was made for a different purpose from that asserted in the contract; for a different purpose from that declared in the complaint and admitted by the answer. The purchase of automobiles, if made at all, was completed when the contract was signed and delivered; the deposit was made, not to provide for profits upon the particular automobiles delivered, but to guarantee the payment of the sums which should become due for parts furnished the plaintiff, and the contract itself being unilateral, and giving no right of action under any circumstances against the defendant, was not binding upon the plaintiff — certainly not to the extent of permitting a forfeiture — after the parties had abandoned the contract and the defendant had transferred the agency to third parties.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, KELLOGG, P. J., in an opinion in which LYON, J., concurred, except COCHRANE, J., who dissented in an opinion.

KELLOGG, P. J. (concurring):

I concur with Mr. Justice WOODWARD, except I do not think the contract was entirely unilateral. It is binding upon the plaintiff. The answer specifically admits the allegation in the complaint that the deposit was made for a certain purpose. The written agreement states that purpose. I think the proof of the alleged counterclaim was not admissible to contradict this admission in the pleading and the written agreement.

Viewing the evidence as most favorable to the plaintiff, at

the time of the first delivery he informed the district representative, Matson, who was attending to the delivery and acted with the defendant in the making of the contract, that he desired the October fifteenth shipment to be delayed, and the representative told him he would see what he could do in the matter and advised the plaintiff to write a letter to the defendant asking the delivery for October fifteenth to be set forward "to a date when I think there is a possible market for them." The defendant was informed by Matson of this conversation. The letter was not answered, the cars were not shipped and the plaintiff was never requested to accept the cars thereafter, but about February first, without any communication with the plaintiff, defendant gave the agency to another and thereby permanently deprived the plaintiff of any benefits from the contract, and when the plaintiff learned of it he told the defendant, "I didn't care so much about his taking the agency away from me, but I would like to have my money."

Upon this evidence the jury might have found that the defendant waived the delivery on October fifteenth, and set the time of the contract running in such a way that the plaintiff could not be put in default until after a demand was made upon him.

The court charged at the plaintiff's request that the agreement might be subsequently modified by parol and they should take into consideration whether such a modification had been effected, but refused to charge that "if the jury find that the written agreement was modified so as to relieve the plaintiff of any obligation to take other autos, then the defendant may not retain the $160 without proof of damage." In refusing to make the charge the court remarked: "it is still a question for the jury whether by the original agreement they were to retain the $160 in case the full number of cars were taken or not. That is a question for them." If the defendant consented that the plaintiff need not take any more cars, plaintiff was not in default in accepting the cars, and in the absence of an agreement to the contrary the rights of the parties would be substantially the same as if the contract had been fully performed. We must assume that the deposit made was

for the purposes stated in the pleadings and the agreement. The defendant could not retain the money if the plaintiff accepted all the cars or if the defendant relieved it from that obligation without qualification.

LYON, J., concurred.

COCHRANE, J. (dissenting):

I think the contract between the parties was legal and enforcible. The defendant bound itself to deliver automobiles at the times and under the terms and conditions specified in the contract. It was not, therefore, unilateral. The clause therein to the effect that the defendant should not be liable for failure of performance when such failure was due to "fire, strikes, accidents, or any other cause whatsoever" was before the court for its consideration in *Meade* v. *Poppenberg* (167 App. Div. 411), where it was held that such clause did not mean that the defendant could arbitrarily refuse to deliver but was only intended to cover those cases where delivery was put beyond its power by causes over which it had no control.

This contract the plaintiff broke. He wrote to the defendant that he would be unable to take the cars in accordance with the terms of the contract and desired to have the date of delivery advanced to a time when he thought there would be a possible market for them. The defendant made no response to this arbitrary declaration of purpose and was under no obligation to do so. The letter of the plaintiff did not ask for a response nor seem to contemplate one. The defendant offered to make delivery of the cars which offer was declined. The plaintiff not having taken the cars as he agreed is not by the express provisions of the contract entitled to recover the money he deposited with the defendant.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.